**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOY L. CRAMER, JESSICA ROZEK, as**
**personal representatives of the Estate of**
**Philip G. Rodgers,**

        **Plaintiffs,**

**-vs-**                               **Case No. 6:04-cv-1089-Orl-19DAB**

**TERESA A. RODGERS,**
        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **UNUM LIFE INSURANCE COMPANY OF AMERICA'S MOTION FOR ATTORNEYS' FEES (Doc. No. 50)**
>
> **FILED:**     **May 6, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

UNUM Life Insurance Company of America brought an interpleader (and an ERISA action) to resolve a dispute over the proceeds of insurance policies insuring the life of Phillip G. Rodgers (the "Decedent") between two beneficiaries, his sister and his wife, who has been arrested and charged with first degree murder in Decedent's death[1]. Judge Fawsett ordered UNUM to deposit the proceeds of the disputed policies into the Registry of the Court, discharged UNUM from the case, and ordered

---

[1] Florida's slayer statute precludes "a named beneficiary of a bond, life insurance policy, or other contractual arrangement who unlawfully and intentionally kills the principal obligee or the person upon whose life the policy is issued" from benefitting under the policy; "it becomes payable as though the killer had predeceased the decedent." FLA. STAT. § 732.802(3).

UNUM to file a motion for attorney's fees within fourteen days. Doc. No. 48. UNUM now seeks its attorney's fees of $12,535, to be disbursed from the $722,060.60 of life insurance proceeds which were deposited in the Court Registry. Doc. No. 50. The realigned Plaintiffs have no objection to the amount sought in UNUM's application for fees. Doc. No. 59. Teresa Rodgers responds to UNUM's fees request by asking that the Court await the outcome of her pending criminal trial in state court before granting the Motion for fees. Doc. No. 55.

An insurer is entitled to bring an interpleader action to resolve the claims of adverse parties to any amount of $500 or more. 28 U.S.C. § 1335. A disinterested stakeholder, such as an insurer, is entitled to its fees for bringing an interpleader action, usually deducted from the interpleader fund. *See Prudential Ins. Co. v. Boyd,* 781 F.2d 1494, 1497 (11th Cir. 1986). UNUM filed this interpleader action for the Court to resolve the dispute once it was aware of ostensibly conflicting claims to the funds. Defendant Rodgers' objection that the fee should not be decided until after Rodgers' trial in state court is overruled. That outcome will have no effect on the steps already taken by UNUM to deposit the life insurance proceeds in the Court Registry and to have this Court decide who is to be awarded those proceeds.

The "starting point" for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)). The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

An applicant may meet this burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). The court may also use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303; *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp.2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Services,* 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002). In exercising its discretion, this Court must consider "the prevailing marketplace rates for the type of work and the experience of the attorneys." *Cabrera v. Jakabovitz,* 24 F.3d 372, 392 (2d Cir. 1994). Services of paralegals are also compensable at market rates. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288-89 (1989); *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp.2d 1301, 1310 (M.D. Fla. 2003).

UNUM seeks total attorney's fees of $12,385.00. UNUM seeks reimbursement for time

expended by lead counsel Kristina B. Pett at $225.00 per hour through December 2004 and $230.00 per hour thereafter.  Ms. Pett has been practicing law since 1989, has experience in the areas of ERISA, life, health and disability insurance related matters, including interpleader cases, and her clients have previously been awarded recovery of attorney's fees at these rates. Doc. No. 52, Pett Declaration, ¶ 2.  UNUM also seeks to recover fees for time spent by Jeannine Jacobson, Esq. at $195.00 per hour; Lonn Weissblum, Esq. at $155.00 per hour through December, 2004 and $165.00 per hour thereafter; and Brenda Kronzek, a paralegal, at $95.00 per hour.  UNUM argues that those rates were within the prevailing market rates for such legal services.  *See* Pett Declaration, ¶¶ 2-5. UNUM seeks to recover for 74.6 attorney hours (not broken out in the Declaration) and 7.5 paralegal hours.  UNUM contends that more hours were required in this case than the typical interpleader case because, although not novel or complex, counsel was required to expend substantial time trying to communicate with Teresa A. Rodgers who was incarcerated, attending a hearing before this Court on whether subject jurisdiction existed, and participating in preparation of the parties' Joint Final Pretrial Stipulation.

The Court finds that a reduction of $4,467 to UNUM's proposed total fees is appropriate. UNUM should not be reimbursed from the interpleader fund for its decision to wait nine months after Decedent's death before depositing the funds with the Court, only after UNUM was prompted to do so by the Court's show cause order.  *See* Doc. No. 36 (ordering UNUM to show cause why the case should not be dismissed for lack of a case or controversy because funds not deposited into registry); Doc. Nos. 40 (response to show cause order) & 41 (depositing of funds on January 7, 2005, nine months after Decedent's death on April 20, 2004).  UNUM chose to keep the disputed $676,000 in insurance proceeds and not deposit the funds into the Registry of the Court – a requirement of jurisdiction for statutory interpleader – and to proceed in the alternative on an ERISA theory.  Had

UNUM deposited the funds immediately with filing of the Complaint, pursuant to 28 U.S.C. § 1335, a hearing on whether the Court had subject matter jurisdiction would not have been necessary. *See* Doc. No. 36 at 4. UNUM was billed $4,002 for a total of 21.3 attorney hours for work done to prepare for the status hearing, respond to the order to show cause concerning jurisdiction, and prepare a motion to deposit funds. Doc. No. 52, Att. 2. UNUM also should not be reimbursed for overstaffing the case in expending 7.5 attorney hours "drafting, revising, and amending" the Complaint, which (by its own admission) was not novel or complex; therefore, the expense of three hours will be deducted, or $465.00. Based on the foregoing, it is respectfully recommended that UNUM be awarded attorney's fees in the amount of $8,068 and recoverable costs of $150.00, to be paid from the proceeds of the life insurance deposited in the Registry of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 25, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Teresa Rodgers